UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK FITZGERALD PORTER,

v.  Case No. 3:05-cr-339-J-33TEM
3:10-cv-57-J-33TEM

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Patrick Fitzgerald Porter's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (hereinafter "motion" or "motion to vacate"). (Doc. cv-1; cr-186). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

### PROCEDURAL HISTORY

On July 14, 2006, Porter and his wife were named in an eighteen-count Third Superseding Indictment charging various drug and firearms offenses. Porter was named in seventeen of the eighteen counts. (Doc. cr-50). Prior to trial, Porter waived his right to be represented by counsel in favor of representing himself, proceeding to trial with stand-by counsel. Porter was found guilty on all counts. (Doc. cr-94). On September 27, 2007, Porter was sentenced to concurrent terms of twenty-seven years incarceration for each of his convictions involving certain drug offenses charged in the Superseding Indictment; a concurrent sentence of ten years incarceration for possession of a firearm after having

been convicted of a felony; a consecutive sentence of five years incarceration for the first of the section 924(c) convictions, and a consecutive sentence of twenty-five years incarceration for each of his additional (six) section 924(c) convictions. (Doc. cr-148).

Porter filed a timely notice of appeal, and on September 9, 2008, his conviction and sentence were affirmed in an unpublished, *per curiam* opinion. (Doc. cr-172). On December 8, 2008, Porter filed a petition for a writ of certiorari to the Supreme Court of the United States, and on December 17, 2009, a separate petition for writ of certiorari was filed, challenging the constitutionality of consecutive sentences imposed pursuant to convictions under 18 U.S.C. §924(c)(2)(A). Certiorari review was denied on January 21, 2009, and June 21, 2010, respectively. In the interim, Porter filed the pending *pro se* 28 U.S.C. § 2255 motion to vacate.

## DIRECT APPEAL

Porter raised several issues in his direct appeal to the Eleventh Circuit Court of Appeals: (1) that the District Court erroneously constructively amended the Indictment when it instructed the jury that it could find Porter guilty of a count of distribution by finding that he distributed "either cocaine or crack cocaine"; (2) that the distribution counts contained in the Indictment were duplicitous; (3) that the District Court erred in denying Porter's motion for new trial; (4) that the District Court erred in denying Porter's motion for judgment of acquittal on each of the seven firearms counts on the basis of insufficient evidence; (5) that the District Court erred in denying Porter's motion for judgment of acquittal on the felon in possession count; (6) that he was erroneously sentenced as an armed career criminal; and, (7) that his sentence was erroneously enhanced based on facts not found by the jury. In its substantive opinion, the appellate court rejected each of

these claims and affirmed the judgment and sentence. (Doc. cr-172). (See Exhibit One for copy of Eleventh Circuit opinion.)

## DISCUSSION

Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

Porter now seeks review of his conviction and sentence, claiming that he was denied his Sixth Amendment right to effective assistance of counsel. Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

### Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984);

*see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining

whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Every effort must be made to eliminate the distorting effects of hindsight; to reconstruct the circumstances of counsel's challenged conduct; and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether counsel was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir. 1992).

### Specific Claims of Ineffective Assistance of Counsel

Porter, who waived his right to counsel in favor of representing himself, now claims that appointed stand-by counsel was ineffective at trial. He claims that stand-by counsel should have moved to dismiss the drug distribution counts in the Indictment as a violation of due process (failure to state amount of drug charged), and that the Government proved no nexus between the drug trafficking counts and the related firearms offenses. He claims also that the evidence was insufficient to support the guilty verdicts, and that stand-by counsel's failure to offer a "reasonableness" instruction for the jury demonstrates a probability that Porter is actually innocent. He also claims that stand-by counsel denied him his right to compulsory process when stand-by counsel did not adequately assist Porter in preparation for trial, and for failing to convince the Court that a continuance was necessary for the defense to procure a ballistics expert. He asserts he was denied his right to cross-examine witnesses when erroneous hearsay testimony was allowed during trial, and that stand-by counsel "merely sat silent and failed to object." He claims stand-by counsel withheld exculpatory witness statements, which would have resulted in exoneration of the

firearms offenses. He faults stand-by counsel for failing to object when the Court sent the unredacted Superseding Indictment to the jury;[1] failing to file a pretrial motion to suppress; and for allowing Porter to unknowingly waive his right to counsel at trial. Finally, Porter makes a vague claim that he is the victim of prosecutorial vindictiveness.

### *Faretta* Waiver

Porter's Sixth Amendment claims of ineffective assistance of counsel are meritless because he chose to waive representation by counsel in favor of self-representation. Prior to trial, Porter informed the Court of his wish to represent himself, and the Court conducted a thorough colloquy on the issue, as required by *Faretta v. California*, 422 U.S. 806 (1975). *Faretta* requires that a defendant who chooses to represent himself "should be made aware of the dangers and disadvantages of self-representation" so that the record is clear the defendant knows what he is doing. *Id.* at 835.

A criminal defendant has a Sixth Amendment right to waive his right to counsel and proceed pro se as long as the decision is knowing, voluntary, and intelligent. *United States v. Fant*, 890 F.2d 408, 409 (11th Cir. 1989). On direct appeal the Government bears the burden of proving waiver, but, when the defendant challenges a conviction collaterally, the burden of proving that the defendant did not waive his right to counsel lies with the defendant. *Strozier v. Newsome*, 926 F.2d 1100, 1105 (11th Cir. 1991).

This Court should consider the following factors to determine whether the record establishes a knowing and voluntary waiver of the right to counsel: (1) defendant's age,

---

[1] The record illustrates that the jury was informed that the parties had reached a stipulation to Porter's status as a convicted felon, (Doc. cr-124 at 206), and that a redacted copy of the Superseding Indictment was provided to the jury. (Doc. cr-125 at 168).

educational background, and physical and mental health; (2) extent of defendant's contact with lawyers prior to the trial; (3) defendant's knowledge of the nature of the charges, of possible defenses, and of penalties; (4) defendant's understanding of the rules of procedure, evidence, and courtroom decorum; (5) defendant's experience in criminal trials; (6) whether stand-by counsel was appointed and the extent to which that counsel aided the defendant; (7) mistreatment or coercion of the defendant; and (8) whether defendant was trying to manipulate the events of the trial. *Strozier*, 926 F.2d at 1105; *Fant*, 890 F.2d at 410. The "ultimate test is not the trial court's express advice, but rather the defendant's understanding." *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065 (11th Cir. 1986).

The record in the instant case demonstrates that Porter was cautioned by the Court multiple times against acting as his own counsel; nevertheless, he insisted that was his desire. (See Doc. cr-123 at 8-12, 30). Under oath, Porter assured the Court that he understood the charges against him and the related penalties (id. at 19-20, 23) and understood the possible defenses to the charges. (Id. at 21-22). He stated that he had not been forced to make the decision to represent himself, and requested that the Court continue the appointment of previous counsel (who had represented Porter for the previous six or seven months) in a stand-by capacity, a request the Court granted. (Id. at 12, 25). After thorough discussion on the matter, the Court found that Porter had knowingly and voluntarily chosen to represent himself having "been made aware of the dangers and disadvantages of self-representation and knows what he is doing, and has made the choice with his eyes open." (Id. at 31).

Porter now claims that his former counsel, against whom he had no previous complaint (and even requested that he remain appointed as stand-by counsel), provided

ineffective assistance in his capacity as stand-by counsel. This claim is fatally flawed, because there is no constitutional right to stand-by counsel. *See Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) (citing *McKaskle v. Wiggins*, 465 U.S. 168 (1984) for the conclusion that there is no constitutional right to standby counsel); *United States v. Singleton*, 107 F.3d 1091, 1100-03 (4th Cir. 1997) (same); *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996) (same); *Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008) (same). The primary concern arising out of appointment of standby counsel, as expressed by the *McKaskle* Court, is that appointed standby counsel does too much, so as to abrogate the *Faretta* right to self-representation, not that counsel does too little. *McKaskle*, 465 U.S. at 177.

A defendant's burden in establishing cause and prejudice is compromised, if not eviscerated, by the very nature of this type of hybrid representation. Porter asks this Court to presume that the outcome would have been different in this case if counsel had done more, differently, and there is simply no way to determine whether, or to what extent, Porter's defense was undermined or adversely affected by counsel's performance. Porter now asks this Court to find that his waiver of counsel was unknowing, and also a product of substandard advice of counsel; however, this claim is contrary to Porter's sworn statements prior to trial. For this reason, any claim of ineffective assistance of counsel during trial must be denied.

### Remaining Claims

Porter asserts three claims that are arguably not covered by his knowing waiver of representation by counsel: (a) that counsel should have moved to dismiss the drug distribution counts in the Indictment because they did not state the amount of drugs

charged; (b) that counsel withheld exculpatory witness statements; and (c) that counsel failed to file a pretrial motion to suppress.

First, Porter faults counsel for failing to file a futile motion to dismiss the drug distribution counts in the Superseding Indictment on the basis that they did not charge a specific drug amount. Each of the drug counts specified in Porter's motion charge violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Section 841(b)(1)(C) is the penalty associated with distribution of any quantity of controlled substance; it does not designate a threshold quantity. Therefore, no amount need be included in the charge. Counsel is not deficient for failure to file a motion when it is not legally supportable and would have been unsuccessful. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *accord Rasheed v. Smith*, 221 Fed. Appx. 832, 836 (11th Cir. 2007).

Likewise, Porter's claim that counsel should have filed a pretrial motion to suppress fails. This claim is vague, but it appears that Porter faults counsel for not moving to suppress the stop and search of his vehicle, in which police officers saw a firearm in plain view. (See Doc. cr-172 [opinion of appellate court; exhibit one to this order] at 3-4). Evidence that is in plain view may be used to support a subsequent arrest. *United States v. Hensley*, 469 U.S. 221, 235 (1985). Any argument to the contrary would have been denied.

Porter claims that stand-by counsel withheld exculpatory witness statements from him, but does not identify the alleged statements or witnesses. He claims that counsel had statements from witnesses who would testify that they never saw Porter with a firearm when buying drugs from him. However, this claim is only speculative; Porter himself merely "maintains" that such statements exist. (See Porter's Memorandum [Doc cv-2] at 31). Such

testimony would not have been exculpatory, but only impeaching. Thus, Porter is unable to establish the requisite prejudice to prevail on this claim, even if the statements existed and were presented to the jury. To the contrary, such testimony at trial likely would only have corroborated Porter's drug dealing, and established that *some* of his clients did not see a firearm. Such testimony does not undermine confidence in the outcome of the trial, and this claim must be denied.

Finally, Porter asserts a vague claim that he is a victim of prosecutorial misconduct and/or vindictiveness. He makes bald assertions that the Government knowingly presented false testimony at trial, and that the Indictment against him was superseded three times as punishment for exercising his right to go to trial. These claims are unfounded. Porter fails to identify any false testimony, but it can be assumed that Porter faults the jury for finding the Government witnesses more credible than the defense witnesses. Such credibility determinations are in the sole province of the jury. *Kansas v. Ventris*, 129 S. Ct. 1841, 1847 (2009). It follows, then, that a verdict contrary to Porter's own defense will not satisfy a claim of Governmental misconduct. Equally specious is Porter's claim that the Government acted vindictively for seeking to supersede the Indictment, which he claims was vindictive and meant to punish him for demanding a jury trial. There is absolutely no evidence of any *actual* vindictiveness in superseding the Indictment; that is, no suggestion in the complete record that the Government's actions were brought to influence Porter's *decision* to go to trial. *See United States v. Goodwin*, 457 U.S. 368 (1982) (no presumption of vindictiveness when additional charges are sought following unsuccessful plea negotiations). This claim is speculative, and must be dismissed.

**Conclusion**

Porter's claims of ineffective assistance of stand-by counsel at trial are frivolous, because the record reflects that he knowingly waived his constitutional right to counsel prior to trial. His claims of ineffective assistance of counsel during the pretrial stage of his case are without merit, as established above. Finally, his claims of prosecutorial misconduct and vindictiveness are specious and speculative. For the reasons stated, Porter's *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255, must be denied.

Accordingly, the Court orders:

That Porter's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-186) is denied. The Clerk is directed to enter judgment against Porter and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled

to appeal in forma pauperis.

      ORDERED at Tampa, Florida, on May 13, 2011.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

AUSA: Frank Talbot
Patrick Fitzgerald Porter