UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


PATRICK FITZGERALD PORTER,

v.	Case No. 3:05-cr-339-J-33TEM
	3:10-cv-57-J-33TEM

UNITED STATES OF AMERICA.

_____


# **O R D E R**

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. (Doc. cv-33).

## **THE REMAND**

Porter was indicted on 17 drug-and firearm-related offenses. On November 6, 2006, this Court ruled that Porter could represent himself at trial with Attorney W. Charles Fletcher acting as standby counsel. (Trial Transcript pp. 10-26). A jury found Porter guilty of all 17 offenses, and this Court sentenced him to 182 years imprisonment. The Eleventh Circuit affirmed Porter's convictions and sentence on direct appeal. See United States v. Porter, 293 F. App'x 700, 704-08 (11th Cir. 2008).

In 2010, Porter filed this pro se motion to vacate under § 2255, asserting ten claims of ineffective assistance of counsel, nine by his pretrial/stand-by trial counsel and one by his appellate counsel. In addressing Porter's §2255 motion, this Court discussed the claims against his pretrial/stand-by trial counsel and found they lacked merit, but did not

discuss the claim against his appellate counsel. The Eleventh Circuit, citing Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), found that this Court violated Clisby when this Court failed to address Porter's argument that his appellate counsel was ineffective for failing to argue that the trial court violated Porter's Sixth Amendment right to compel witnesses in his favor. Specifically, Porter argued "that by denying his request for a trial continuance to obtain a ballistics expert, the trial court effectively violated his Sixth Amendment right to compel witnesses in his favor, and that his appellate counsel's failure to raise this issue on appeal constituted ineffective assistance of counsel." The Eleventh Circuit vacated this Court's order denying Porter's section 2255 motion to vacate and remanded for this Court to consider Porter's ineffective assistance of appellate counsel claim.

For the reasons below, Porter's claim of ineffective assistance of appellate counsel has no merit.

## DISCUSSION

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The Eleventh Circuit has set forth the applicable legal principles for reviewing a claim of ineffective assistance of appellate counsel.

> A defendant has a right to counsel to aid in the direct appeal of his or her criminal conviction. See Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). This right to counsel is violated when appellate counsel is ineffective. Id.; Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984). This Circuit has applied the Supreme Court's test for ineffective assistance at trial, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to guide its analysis of ineffective assistance of appellate counsel claims. See Orazio v. Dugger, 876 F.2d 1508 (11th Cir. 1989). Therefore, [Petitioner] must show that his appellate counsel's performance was deficient

2

and that this performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).

It is clear that "[t]he standard of proof and standard of review are the same in the context of ineffective assistance of appellate counsel as in the context of ineffective assistance of trial counsel." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir.), cert. denied, 469 U.S. 956 (1984).

Counsel is not ineffective when he does not raise frivolous arguments on appeal, Jones v. Barnes, 463 U.S. 745 (1983); see also, United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failing to argue a meritless issue).

Strickland held that in evaluating whether the appellate counsel's performance was deficient, counsel's performance must be evaluated for "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688, 104 S.Ct. at 2065. Courts should presume effectiveness and should avoid second-guessing with the benefit of hindsight. Id. at 689, 104 S.Ct. at 2065. Specifically, Strickland encouraged reviewing courts to allow attorneys broad discretion to represent their clients by pursuing their own strategy. However, the Court realized that merely invoking the word "strategy" to explain errors was insufficient since "particular decision[s] must be directly assessed for reasonableness [in light of] all the circumstances." Id. at 691, 104 S.Ct. at 2066.

The Supreme Court, on at least two occasions, has had an opportunity to explain the parameters of what constitutes a reasonable strategy for appellate advocates. In Jones v. Barnes, 463 U.S. 745 (1983), the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. The Court suggested that effective

advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. Id. at 751-52. The Court in Smith v. Murray, 477 U.S. 527 (1986), held that an appellate advocate who reviewed the entire record, thought about various claims, and then chose to pursue thirteen claims on appeal had furnished effective appellate assistance. The Court recognized that even though a non-appealed issue might have been successful, the appellate advocacy had to be judged in its entirety. Heath, 941 F.2d at 1130-31.

Further, the Court has set forth the analysis for the prejudice prong of the two-part test:

> A petitioner has satisfied the prejudice prong of Strickland when he or she can show that the appellate counsel's performance was sufficiently deficient to deprive the defendant of "a trial [or an appeal] whose result [was] reliable." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. In the context of an ineffective assistance on appeal claim, this Court in Cross v. United States, 893 F.2d 1287 (11th Cir. 1990), held that in order to determine prejudice the court must first perform "a review of the merits of the [omitted or poorly presented] claim." Id. at 1290. If the Court finds that the neglected claim would have a reasonable probability of success on appeal, then according to Cross it is necessary to find "appellate counsel's performance prejudicial because it affected the outcome of the appeal." Id.

Heath at 1132.

### Porter's Ineffective Assistance of Counsel Claim Has no Merit

Because Porter cannot show that his ineffective assistance of appellate counsel claim would have a reasonable probability of success on appeal, he cannot show that he was prejudiced by appellate counsel's performance.

Without stating who his alleged expert is, Porter asserts that counsel on appeal should have argued that Porter's eleventh-hour motion to continue the trial -- on the day of trial -- was misconstrued by the Court as a "stall tactic" essentially denying Porter's right to subpoena a defense witness. (Doc. cv-2 [Porter's Original Memorandum at 24]). Porter

4

states that he could have found a ballistics expert to testify (1) that a bullet previously removed from the defendant's ankle may not have been fired from the gun found in the defendant's car; and (2) that the defendant's fingerprints were not on the gun, and thus could have been planted by the arresting officer. (Doc. cv-2 at 25). This alleged testimony is consistent with the testimony of the government's expert witnesses.

During trial, Porter cross-examined the arresting officer, suggesting that another officer at the scene may have "planted" the firearm in Porter's car. (Doc. cr-123 at 86-88, 98). Later during the trial, the government called a latent fingerprint examiner who testified that no viable latent prints could be found on Porter's firearm, its magazine, or the six rounds of ammunition Porter was charged with possessing. (Doc. cr-123 at 149-153). Porter cross-examined this expert to make it clear for the jury that his own fingerprints were not found on these items. (Doc. cr-123 at 149-153).

Likewise, the bullet removed from Porter's ankle several months prior to his indictment (allegedly a self-inflicted wound, Doc. cr-124 at 215), was never linked to the firearm Porter was charged with possessing, other than being compatible with the type of ammunition used for that gun. (Doc. cr-124 at 201-202).

The facts established at trial confirm that all of the testimony relating to ballistics examinations were inconclusive, a fact recognized by the appellate court on direct appeal. (See exhibit 1 to this order [Appellate Opinion] at 3-4.) This testimony is consistent with the results Porter now claims he could have elicited from his own expert, had the Court not denied him the opportunity to do so. In essence, Porter's allegation amounts to a claim that the Court denied him cumulative testimony.

There is no indication from the record that, prior to trial, Porter planned to seek an

expert opinion. The very nature of the right to compulsory process requires planning and affirmative conduct on the part of the defense. Taylor v. Illinios, 484 U.S. 400 (1988). A court is within its right to deny a defense motion to secure witness testimony if the motion is untimely. United States v. Rinchack, 820 F.2d 1557 (11th Cir. 1987).

Furthermore, a court does not abuse its discretion when it denies an indigent defendant's motion to subpoena a witness if the request is frivolous or the proffered testimony would be cumulative. United States v. Bowman, 636 F.2d 1003 (5th Cir. 1981, Unit A). While the Court was unaware of the cumulative nature of the requested defense expert's testimony at the time Porter made his belated motion, the record of the trial proceedings bears this out. Porter did not object to the trial court's ruling, and there would be no reason for subsequent appellate counsel to view this unexhausted issue as a viable issue for appellate review, knowing it would dilute the more meritorious issues raised in the appellant's brief.[1]

---

[1] Appellate counsel raised the following issues:

I. That the Court erred by constructively amending the Indictment when the Indictment charged cocaine base and the Court instructed the jury it could find cocaine or cocaine base;

II. That the Court abused its discretion in denying the defendant's motion for new trial to present impeaching evidence;

III. That the Court erred in denying the defendant's motion for judgment of acquittal based on insufficient evidence;

IV. That the drug counts in the Indictment were duplicitous because they charged distribution of two separate drugs, cocaine and cocaine base; and

V. That the defendant was improperly sentenced when the Court calculated the advisory sentencing guidelines range based in part on its own fact findings concerning the defendant's prior convictions.

Actually, the inconclusive trial testimony surrounding the issue of ballistics was favorable to the defense. Porter cannot show that if this issue had been raised on appeal that the result of the appeal would have been different. The record demonstrates that Porter was not unconstitutionally, or even unfairly, denied his compulsory right to subpoena a witness, and appellate counsel was not constitutionally ineffective for failing to raise this meritless issue on appeal. <u>Atkins v. Singletary</u>, 965 F.2d 952 (11th Cir. 1992). Rather, counsel raised five viable issues on appeal. The substantive opinion of the appellate court discusses at length the trial testimony of multiple witnesses establishing beyond a reasonable doubt that Porter used, carried and discharged loaded firearms when committing drug trafficking offenses. (See exhibit 1 at 10-16). Thus, appellate counsel raised issues requiring the reviewing court to review the record thoroughly, and chose not to diminish the weight of his arguments by wasting limited resources on a meritless issue.

The record demonstrates that the entire record of the criminal case was reviewed by appellate counsel who submitted a thorough brief to the appellate court. Counsel's representation was not unconstitutionally deficient for failing to raise an unpreserved, unclear issue on direct appeal.

Appellate counsel used sound, professional judgment, raising issues relating directly to the defendant's guilt, sufficiency of the evidence, legal technicalities and sentencing issues. In doing so, counsel abandoned the weaker claim Porter currently favors. Porter cannot show that appellate counsel's decision was a choice that no other attorney would have made, nor can he show that but for counsel's decisions on appeal, that the result

---

(See exhibit 2 to this order.)

would have been different.

Accordingly, the Court orders:

1. That the Court adopts and incorporates its prior order denying the motion to vacate. (Doc. cv-27).

2. That Porter's ineffective assistance of appellate counsel claim has no merit.

3. That Porter's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence (Doc. cv-1; cr-186) is denied. The Clerk is directed to enter judgment against Porter and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Defendant to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Defendant shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

ORDERED at Tampa, Florida, on July 24, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Frank Talbot
Patrick Fitzgerald Porter